UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

July 18, 2005

Before

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 04-1242

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     *Plaintiff-Appellee*, <br><br>     *v.* <br><br> DAVID DRONE, <br>     *Defendant-Appellant*. | Appeal from the United States <br> District Court for the Western <br> District of Wisconsin. <br><br> No. 03 CR 89 <br><br> Barbara B. Crabb, <br> *Chief Judge*. |

 O R D E R

This court ordered a limited remand so the district court could state on the record whether the sentence remains appropriate now that *United States v. Booker*, 125 S. Ct. 738 (2005), has limited the Guidelines to advisory status. *See United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005).

The district judge has now replied that she would not change Drone's sentence, knowing the Guidelines are not mandatory. On July 1, 2005, we invited the parties to file, within seven days, any arguments concerning the appropriate disposition of the appeal in light of the district court's statement. The United States argues that the district court properly considered 18 U.S.C. § 3553, explained the reasons underlying the sentence it imposed, and rendered a reasonable sentence. Drone has not filed a response.

The Guidelines range applicable in Drone's case is 151 to 188 months. Drone's sentence of 151 months is at the low end of the range. The district court judge explained her belief that this sentence was necessary to address the

seriousness of the offense, to provide adequate deterrence, and to protect the public. We do not see any reason why such a sentence would be deemed "unreasonable" in post-*Booker* practice.  Accordingly, the judgment of the district court is AFFIRMED.